NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN BUSH, :<br>:<br>    Plaintiff, :<br>:<br>v. :<br>:<br>COMMISSIONER OF SOCIAL :<br>SECURITY, :<br>:<br>    Defendant. :<br>: | Civil Action No. 14-2086 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Kevin Bush ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for supplemental security income benefits, alleging disability beginning March 25, 2010. A hearing was held before ALJ Richard L. De Steno (the "ALJ") on July 17, 2012, and the ALJ issued an unfavorable decision on August 10, 2012, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of August 10, 2012, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of sedentary work. Because Plaintiff had no past relevant work, the analysis proceeded to step five. At step five, the ALJ consulted the Medical-Vocational Guidelines, which directed a finding of "not disabled." The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the ALJ failed to give proper credence to Plaintiff's statements about his symptoms; 2) the ALJ erred at step three; and 3) at step five, the ALJ erred by failing to obtain the testimony of a vocational expert.

At step four, the ALJ considered Plaintiff's statements about his symptoms, but concluded that Plaintiff was not credible to the extent that his statements were inconsistent with the residual functional capacity determination. Plaintiff argues that the ALJ erred, but fails to point out what the ALJ did wrong. Furthermore, Plaintiff is wrong on the relevant law. Plaintiff cites Hargenrader v. Califano, 575 F.2d 434, 436 (3d Cir. 1978) as authority for the proposition that the ALJ must make specific findings if he finds the claimant not to be credible. This is incorrect, as Hargenrader states only that "the hearing examiner must make specific subordinate findings of fact to support his ultimate factual findings." Id. at 437. That case does not state any rules about the ALJ's credibility determinations.

Third Circuit law on the subject of the weight to be accorded to a claimant's subjective reports is quite different from what Plaintiff argues: "Although any statements of the individual concerning his or her symptoms must be carefully considered, . . . the ALJ is not required to credit them, see 20 C.F.R. § 404.1529(a)." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 363

(3d Cir. 2011).  The cited C.F.R. section states this well-established principle, as stated by the Third Circuit in Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999): "Allegations of pain and other subjective symptoms must be supported by objective medical evidence."

"In order for an ALJ to reject a claim of disabling pain, he must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record."  Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir. 1990).  The ALJ did so.  The focus of the ALJ's credibility determination is Plaintiff's statements that his shortness of breath is incapacitating.  The ALJ first reviewed the objective medical evidence which is inconsistent with these statements. (Tr. 28.)  Next, he also pointed out that the statements were contradicted by Plaintiff's testimony about his activities of daily living.  (Tr. 28.)  The ALJ's credibility determination appears to be supported by substantial evidence and made in conformity with the law.

Plaintiff argues broadly that, at step three, the ALJ erred in determining that Plaintiff did not meet or equal a listed impairment.  Plaintiff's argument suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is

harmful normally falls upon the party attacking the agency's determination." Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Under Shinseki, even if Plaintiff succeeded in persuading that the ALJ erred at step three, Plaintiff also bears the burden of showing that this error was harmful, and Plaintiff has not done so.  To show that such an error was harmful, Plaintiff would need to, at a minimum, point to evidence of record that might have sustained his burden of proof of disability.  At a minimum, again, he would need to explain which impairments, combined, should have been found to be medically equivalent to what Listing.

The Third Circuit has held: "An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover." Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  Conspicuously absent from Plaintiff's brief is any statement of what Listing Plaintiff contends he meets or equals.[1]  Plaintiff fails to explain how the step three analysis might have been performed differently so as to make a material difference in the disability determination.  This Court is not persuaded that the step three analysis was inadequate but, even if it was defective, given that

---

[1] The Commissioner notes this as well.  In reply, Plaintiff contends that he asserted that he met or equaled Listing 4.02, but points to the section of his opening brief in which he stated: "Narrowly missing this listing."  (Pl.'s Br. 19.)

Plaintiff has made no case on appeal that he met his burden of proof at step three, such defects could not be more than harmless error. Plaintiff has not even pointed to the Listing that he claims to have met or equaled, much less pointed to evidence of record that might have supported such a determination. As such, Plaintiff has failed to persuade that any possible errors at step three materially harmed him. As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

Lastly, Plaintiff argues that, at step five, the ALJ erred by failing to obtain the testimony of a vocational expert. Plaintiff contends that he has "significant non exertional limitations," and that the ALJ was wrong to rely on the Medical-Vocational Guidelines, which may not be used when there are non-exertional impairments. In support, Plaintiff points to the Physical Residual Functional Capacity Assessment completed by Dr. Paolino. (Tr. 355-362.) Indeed, in the "Environmental Limitations" section, Dr. Paolino checked boxes indicating, for example, that Plaintiff should avoid concentrated exposure to extreme cold, and moderate exposure to dust and gases. (Tr. 359.)

The ALJ did not discuss these environmental limitations, and they were not included as credibly established limitations in the residual functional capacity determination. Plaintiff, however, did not submit a brief arguing that the ALJ's omission of the environmental limitations from the residual functional capacity determination was erroneous or not supported by substantial evidence. For a limitation to be considered at step five, it must have been incorporated into the residual functional capacity determination. See Rutherford v. Barnhart, 399 F.3d 546, 554 n.8 (3d Cir. 2005). The residual functional capacity determination made at step four contained no non-exertional limitations. Because the environmental limitations were

not credibly established limitations in the residual functional capacity determination, they properly played no role at step five.  The ALJ properly relied on the Medical-Vocational Guidelines and did not need to obtain the testimony of a vocational expert.

    Plaintiff has failed to persuade this Court that the ALJ erred in his decision and that he was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                               s/ Stanley R. Chesler
                                                       STANLEY R. CHESLER, U.S.D.J.

Dated: June 24, 2015